**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MONICA A. HENDRICKSON,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
DE-1221-17-0012-W-1

DATE: June 13, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joshua L. Klinger, Esquire, Denver, Colorado, for the appellant.

Pam Florea, Omaha, Nebraska, for the appellant.

Michael E. Anfang, Kansas City, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which denied her request for corrective action. Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to VACATE the administrative judge's finding that the appellant's appearance as a potential witness at a June 2015 protective order hearing constituted protected activity under 5 U.S.C. § 2302(b)(9)(B), we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant is employed as a GS-9 Medical Instrument Technician at the agency's Nebraska Western Iowa Health Care System in Omaha, Nebraska. Initial Appeal File (IAF), Tab 1 at 1, Tab 14 at 4, Tab 19 at 24. The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that she made the following disclosures or engaged in the following protected activities: (1) in January and February 2015, she provided statements to the agency's Equal Employment Opportunity (EEO) manager during an interview for an internal agency "climate assessment" investigation; (2) on May 7, 2015, she provided testimony before an Administrative Investigation Board (AIB); and (3) on June 8, 2015, she was present at an "order of protection" hearing at a county courthouse to offer testimony in support of a fellow employee. IAF, Tab 1 at 5-13. In

retaliation for these alleged disclosures or protected activities, the appellant asserted that the agency provided her with a lowered "fully successful" annual performance evaluation for fiscal year 2015 after several consecutive years of being rated as "outstanding." *Id.* at 10-12. In her complaint to OSC, the appellant also detailed a number of negative interactions she had with colleagues and supervisors following these events, and indicated that she desired to work in a "non-hostile environment." *Id.* at 10-11. After receiving OSC's close-out letter informing her of her right to seek corrective action from the Board, *id.* at 14-15, the appellant timely filed the instant individual right of action (IRA) appeal, IAF, Tab 1.

¶3        After holding the appellant's requested hearing, the administrative judge issued an initial decision denying her request for corrective action. IAF, Tab 30, Initial Decision (ID) at 2, 15. The administrative judge first found that the appellant exhausted her administrative remedies with OSC regarding the above-identified disclosures or activities, and identified the personnel actions the appellant was challenging as her receipt of a "fully successful" performance rating for fiscal year 2015, and her claim that she was subject to a retaliatory "hostile work environment." ID at 4; IAF, Tab 10 at 6-7. Nonetheless, the administrative judge determined that the appellant failed to meet her prima facie burden for establishing her claims of whistleblower retaliation. ID at 5-15. Specifically, the administrative judge determined that the appellant did not make any protected disclosures or engage in any protected activities by being interviewed as a part of the EEO climate assessment. ID at 5-10. The administrative judge also found that the appellant did not establish any protected disclosures or activities in relation to her participation in the AIB proceedings. ID at 10-12. Finally, the administrative judge determined that the appellant's appearance as a witness at a June 8, 2015 protective order hearing was a protected activity under 5 U.S.C. § 2302(b)(9)(B), but that the appellant had failed to demonstrate that it was a contributing factor in any of the actions challenged in

the appeal. ID at 13-15. Consequently, the administrative judge denied the appellant's request for corrective action. ID at 2, 15.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 The appellant has filed a timely petition for review in which she challenges the administrative judge's findings that she did not make any protected disclosures or engaged in any protected activities by participating in the climate assessment and the AIB proceedings. Petition for Review (PFR) File, Tab 3 at 7-12. Regarding the protective order hearing, the appellant challenges the administrative judge's contributing factor determination and his conclusion that none of the officials who were responsible for her lowered performance rating had any motive to retaliate against her because of her purported disclosures or protected activities. *Id.* at 12-13. The agency has filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 5.

The administrative judge correctly determined that the appellant's disclosure of her supervisor's sexual comments and his assertion that he wished for a physical altercation with his subordinate were not disclosures or activities protected under 5 U.S.C. § 2302(b)(8) or (b)(9).

¶5 The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

¶6 On review, the appellant generally asserts that the administrative judge erred in concluding that the comments she provided during the climate assessment and the AIB did not constitute disclosures or activities protected by 5 U.S.C. § 2302(b)(8) or (b)(9), but she does not specify how the administrative judge

erred in his assessment. PFR File, Tab 3 at 8-12. As the administrative judge correctly noted, the Board has regularly held that allegations of sexual discrimination and harassment do not constitute protected disclosures of wrongdoing outlined in section 2302(b)(8), because they pertain to matters of discrimination covered by 5 U.S.C. § 2302(b)(1)(A) and are actionable through other administrative mechanisms, such as by filing an EEO complaint. ID at 6-7; *see McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 22 (2008); *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001) (finding that purported disclosures that involve alleged discrimination or reprisal for engaging in activities protected by title VII, even if made outside the grievance or EEO processes, do not constitute protected whistleblower activity under section 2302(b)(8) because they pertain to matters of discrimination covered by section 2302(b)(1)(A)); *Mitchell v. Department of the Treasury*, 68 M.S.P.R. 504, 510 (1995) ("[A]n employee's claim of sexual harassment . . . is not a protected disclosure under 5 U.S.C. § 2302(b)(8) because such a claim is more appropriately resolved under the equal employment opportunity process.").

¶7 Additionally, as the administrative judge correctly observed and the appellant does not contest, she was not seeking to remedy a violation of 5 U.S.C. § 2302(b)(8) by disclosing the sexual remarks by her supervisor during either the climate assessment or the AIB testimony, and thus her activity was not protected under 5 U.S.C. § 2302(b)(9)(A). ID at 7-8; *see* 5 U.S.C. §§ 1221(a), 2302(b)(9)(A)(i); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

¶8 Regarding the appellant's statements during the climate assessment interview and the AIB investigation that her supervisor stated that he wished his subordinate would "just f---ing hit [him]," the administrative judge carefully evaluated the content of the statements the appellant provided during both investigations and determined that the appellant could not have reasonably believed that such statements constituted wrongdoing of the type described in

section 2302(b)(8). ID at 8-10. He also concluded that the appellant was not seeking to remedy whistleblower reprisal by reporting that comment during either the climate assessment or the AIB interview so the statements could not have constituted protected activity under section 2302(b)(9)(A). ID at 8-10. Additionally, the administrative judge concluded that the appellant had provided no evidence demonstrating that anyone responsible for the contested personnel actions was aware of the purported disclosure. ID at 10-11; *see* 5 U.S.C. § 1221(a); *Mudd*, 120 M.S.P.R. 365, ¶ 7. Other than the appellant's asserting that these findings were in error, PFR File, Tab 3 at 8-10, and restating her claim that a number of agency officials were aware of her purported disclosures, *id.* at 9, the appellant does not offer contrary evidence or argument to either finding on review, and we see no reason to disturb them.

¶9 Finally, the appellant argues that her participation in the climate assessment and the AIB were "for the benefit of" a co-worker. PFR File, Tab 3 at 9-10. As an initial matter, as the administrative judge noted in an order finding jurisdiction dated October 27, 2016, the appellant specifically admitted that she had not "formally assisted any individual" at that time, which the administrative judge interpreted as an admission that the appellant was not raising a claim under 5 U.S.C. § 2302(b)(9)(B) regarding her participation in the climate assessment or the AIB investigation. IAF, Tab 10 at 8; Tab 6 at 5-6. Nonetheless, to whatever extent the appellant is arguing that her participation in the climate assessment constituted protected activity under 5 U.S.C. § 2302(b)(9)(B), the administrative judge also considered and rejected this claim, finding that by simply speaking with the EEO manager during the agency-initiated climate assessment, the appellant was not "testifying for or otherwise lawfully assisting any individual in the exercise of any right referred to in subparagraph [5 U.S.C. § 2302(b)(9)](A)(i) or (ii)," and we see no reason to disturb this finding on review. ID at 7-8; *see* 5 U.S.C. § 2302(b)(9)(A)-(B); *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 14 (2016) (concluding that participating in "an

agency-initiated [AIB] investigation" did not constitute "the exercise of an appeal, complaint, or grievance right").

The administrative judge correctly determined that the appellant failed to establish a prima facie claim of retaliation for her AIB investigation testimony.

¶10    Regarding the appellant's supervisor's statement to her that he was "going to clean a couple of [his] guns and [sight] them in" over the weekend, the administrative judge determined that, even if the appellant's reporting of that statement during the AIB investigation was a disclosure under 5 U.S.C. § 2302(b)(8), she nonetheless failed to meet her prima facie burden because she could not establish that the disclosure was a contributing factor in any of the contested personnel actions.  ID at 11-12.  On review, the appellant challenges the administrative judge's contributing factor analysis, arguing that her rating-official supervisor had a motive to retaliate against her due to his close relationship with her then-supervisor.[2]  PFR File, Tab 3 at 11.

¶11    The administrative judge adequately considered and rejected this argument below.  Specifically, the administrative judge determined that the appellant's then-supervisor who made the gun comment was aware that the appellant previously had participated in the climate assessment at the time that he made the comments, and the administrative judge acknowledged the appellant's stated belief that he made the comments to intimidate her.  ID at 11.  Nonetheless, the administrative judge found that the appellant failed to demonstrate that her rating supervisor or anyone else responsible for giving her the fiscal year 2015 "fully

---

[2] The appellant also appears to suggest that she and other alleged whistleblowers were treated differently than other employees.  PFR File, Tab 3 at 10-12.  However, because the administrative judge determined that the appellant failed to meet her prima facie case of reprisal for whistleblowing, considering such a claim would have been inappropriate.  *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first determined that the appellant established her prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015).

successful" performance rating had actual or constructive knowledge of the fact that the appellant disclosed the gun-sighting statements during the AIB. ID at 11-12. The administrative judge also evaluated alternative means for establishing contributing factor, including the strength or weakness of the agency's reasons for providing her with the lowered performance rating and whether the appellant's supervisor had any desire or motive to retaliate against her, and determined that even assuming the appellant's disclosure of the gun-sighting remarks during the AIB was protected, she nonetheless failed to demonstrate that the remarks were a contributing factor in the lowered rating decision. ID at 12; *see Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 14-15 (2012) (identifying the alternative ways that an appellant can satisfy the contributing factor standard). We agree with the administrative judge's findings in this regard and discern no basis to disturb these findings on review.

The appellant failed to demonstrate that she was subjected to a hostile work environment that would constitute a personnel action as defined under 5 U.S.C. § 2302(a)(2)(A).

¶12    The administrative judge interpreted the appellant's statement in her OSC complaint that she wished to work in a "non-hostile environment" as an allegation that she was subject to a hostile work environment in retaliation for her alleged protected disclosures. IAF, Tab 10 at 6, Tab 25 at 1-2; ID at 4. The appellant does not specifically challenge the administrative judge's findings concerning her hostile work environment claim by name in her petition for review, and instead only generally challenges his conclusion that none of her alleged disclosures or protected activities was a contributing factor in either of the challenged personnel actions. PFR File, Tab 3 at 7-8.

¶13    In *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16, the Board clarified that an allegation of a hostile work environment may constitute a covered personnel action if it results in a significant change in duties, responsibilities, or working conditions as set forth in 5 U.S.C. § 2302(a)(2)(A).

*See* 5 U.S.C. § 2302(a)(2)(A)(xii). In determining whether an appellant has suffered a "significant change" in her duties, responsibilities, or working conditions, the Board must consider the alleged agency actions both collectively and individually. *Skarada*, 2022 MSPB 17, ¶ 16; *see Holderfield v. Merit Systems Protection Board*, 326 F.3d 1207, 1209 (Fed. Cir. 2003). A number of agency actions may amount to a covered "significant change" personnel action collectively, even if they are not covered personnel actions individually. *Skarada*, 2022 MSPB 17, ¶ 18. To constitute a significant change in working conditions, however, a series of minor agency actions must be pervasive and occur over an extended period of time. *Id.*, ¶ 16. In sum, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Id.*

¶14    Although the administrative judge did not have the benefit of *Skarada* at the time he issued his initial decision, he nonetheless concluded that the appellant was not subject to a hostile work environment because the actions the appellant alleged were taken against her after the May 2015 AIB hearing were not "sufficiently severe or pervasive" to rise to the level of a hostile work environment. ID at 12. In reaching this conclusion, the administrative judge did not specifically explain why he only considered the alleged instances of a hostile work environment that post-dated the appellant's statements to the AIB in May 2015, but it appears that he limited his consideration to that timeframe because that was when the appellant first disclosed the gun-sighting statements—the only disclosure he evaluated as potentially protected. *Id.* Nonetheless, we will consider the additional allegations that contributed to the appellant's hostile work environment claim that occurred prior to the May 2015 AIB investigation, which were identified by the appellant in a pre-hearing filing and during her hearing testimony. IAF, Tab 27; Hearing Transcript (HT) (testimony of the appellant). In

one allegation, the appellant asserted that on February 4, 2015, she was accused by a co-worker of lifting a patient in a manner inconsistent with agency policy immediately after that co-worker left a meeting with her then-supervisor. IAF, Tab 27 at 4-5; HT at 89-91 (testimony of the appellant). The appellant also alleged that, on another occasion on April 13, 2015, her second-level supervisor placed a piece of paper in front of her asking whether her supervisor was "a good supervisor," to which the appellant did not reply. IAF, Tab 27 at 5; HT at 93 (testimony of the appellant).

¶15     Nothing about either incident describes "harassment to such a degree that [the appellant's] working conditions were significantly and practically impacted." *Skarada*, 2022 MSPB 17, ¶ 29. Accordingly, even considering the above additional instances of a hostile work environment and applying the framework for such claims identified in *Skarada*, we agree with the administrative judge's finding that none of the incidents the appellant identified were "sufficiently severe or pervasive," individually or collectively, to constitute a significant change in her working conditions necessary to rise to the level of a covered personnel action. ID at 12; *see* 5 U.S.C. § 2302(a)(2)(A)(xii); *cf. Skarada*, 2022 MSPB 17, ¶¶ 16-18.

We vacate the administrative judge's finding that the appellant's appearance at a protective order hearing on a coworker's behalf constituted activity protected by 5 U.S.C. § 2302(b)(9)(B).

¶16     Under 5 U.S.C. § 2302(b)(9)(B), it is a protected activity to "testify[ ] for or otherwise lawfully assist[ ] any individual in the exercise of any right referred to in subparagraph (A)(i) or (ii)." Section 2302(b)(9)(A), in turn, covers the protected activities of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation—(i) with regard to remedying a violation of [section 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [section 2302(b)(8)]." The Board held in *Von Kelsch v. Department of Labor*, 59 M.S.P.R. 503, 508-09 (1993), *overruled on other grounds by Thomas v.*

*Department of the Treasury*, 77 M.S.P.R. 224, 236 n.9 (1998), *overruled by Ganski v. Department of the Interior*, 86 M.S.P.R. 32 (2000), that filing a claim with the Office of Workers' Compensation Programs did not constitute the "exercise of any appeal, complaint or grievance right" because it did not constitute an initial step toward taking legal action against an employer for the perceived violation of employment rights. Subsequently, in *Graves v. Department of Veterans Affairs*, the Board held that an appellant testifying at an AIB in support of another employee also did not constitute the "exercise of any appeal, complaint or grievance right" for the same reason, noting that the Whistleblower Protection Enhancement Act of 2012 (WPEA) did not alter the Board's analysis in *Von Kelsch* concerning the meaning of the term "appeal, complaint, or grievance" in 5 U.S.C. § 2302(b)(9). 123 M.S.P.R. 434, ¶ 18; *see Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶¶ 10-11 (2014).

¶17    Here, the administrative judge determined that by appearing at a county courthouse and making herself available to testify as a potential witness in defense of a co-worker during a protective order hearing, the appellant was "otherwise lawfully assisting" the defendant co-worker in the exercise of any "appeal, complaint, or grievance right protected by any law, rule, or regulation" under 5 U.S.C. § 2302(b)(9)(B). ID at 13. The administrative judge reached this conclusion, even though the appellant was never actually called to testify on the defendant co-worker's behalf, and even though the proceedings were initiated against the defendant co-worker and not at his behest. *Id.*

¶18    We find that this determination was in error. By merely appearing at the county courthouse for a civil protective order proceeding, the appellant was not taking "an initial step toward taking legal action" against the agency on her co-worker's behalf for a perceived violation of that co-worker's employment rights. *See* 5 U.S.C. § 2302(b)(9); *Graves*, 123 M.S.P.R. 434, ¶¶ 17-19; *Von Kelsch*, 59 M.S.P.R. at 508-09; *cf. Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 6 (2014) (finding that representing an agency employee

during an informal grievance meeting falls under the protective umbrella of the WPEA). Additionally, despite the administrative judge's conclusion otherwise, because the co-worker on whose behalf the appellant was appearing was the *subject* of and not the initiator of the protective order, the hearing was inarguably not an "appeal, complaint, or grievance right" that was initiated by that employee. *Graves*, 123 M.S.P.R. 434, ¶ 14; ID at 13-14. Consequently, we modify the administrative judge's findings concerning the June 2015 protective order hearing and conclude that the appellant was not "otherwise lawfully assisting" her co-worker in the exercise of any "appeal, complaint or grievance right" when she appeared in order to (but did not actually) provide supporting testimony at the protective order hearing. *See* 5 U.S.C. § 2302(b)(9)(B); *Graves*, 123 M.S.P.R. 434, ¶ 18.

¶19      For the foregoing reasons, we deny the petition for review and affirm the initial decision as modified by this final order.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.